# Bevan *against* The Insurance Company.

Under the Nisi Prius Act of the 26th July 1842, where the judge directs a nonsuit on the trial of a cause, it comes up to the Supreme Court by certificate in the same manner as it does by writ of error from the District Court under the 7th section of the Act of 11th March 1836; and therefore it is to be considered as if it were a demurrer to evidence, except that the judge is not at liberty to give judgment for the plaintiff should he think the case made out, but should refuse the nonsuit.

If, therefore, there be some evidence, though slight, from which a jury might draw an inference favourable to the plaintiff, the case should be left to the jury.

THIS was an action of debt brought by Matthew L. Bevan and others, trading under the firm of Bevan and Humphreys, against The Insurance Company of the State of Pennsylvania on a policy of insurance on freight per ship Liberty, tried before Judge Sergeant at Nisi Prius in November 1842, in which on motion of the defendants, after a large mass of evidence had been gone

[Bevan v. The Insurance Company.]

through on the part of the plaintiffs, the court granted a nonsuit, and now the case came up by writ of error, and was argued by

*Dunlap* and *Meredith*, for plaintiffs in error.
*F. W. Hubbell* and *J. M. Scott*, contra.

The opinion of the Court was delivered by

SERGEANT, J.—By the 7th section of the Act of 26th July 1842, establishing the Nisi Prius Court, the provisions of the 7th section (among others) of the Act of 11th March 1836 are extended to original actions brought in the Supreme Court in the city and county of Philadelphia. The 7th section of the Act of 11th March 1836 enacts that whenever the defendant upon the trial of a cause in the District Court shall offer no evidence, it shall be lawful for the judge presiding at the trial to order a judgment of nonsuit to be entered, if in his opinion the plaintiff shall have given no such evidence as is in law sufficient to maintain the action; with leave, nevertheless, to move the court in banc to set aside such judgment of nonsuit. And in case the said court in banc shall refuse to set aside the nonsuit, the plaintiff may remove the record by a writ of error into the Supreme Court for revision and revisal, in like manner and with like effect as he might remove a judgment rendered against him upon a demurrer to evidence.

The case, therefore, seems to come up to this court by certificate from the Nisi Prius judge in the same manner as it does by writ of error from the District Court; and there, although the first part of the clause requires the judge on motion for nonsuit to grant it if the plaintiff has given insufficient evidence, yet by the latter which controls it, the motion for nonsuit is in effect a demurrer to evidence, with the exception noticed in *Smyth* v. *Craig*, (3 *Watts & Serg.* 18), that the judge is not at liberty to give judgment for the plaintiff, should he think the case made out, but should refuse the nonsuit and put the case to the jury. Considered, therefore, as a demurrer to evidence, the rule is that the plaintiff is entitled to the benefit of every inference of fact which the jury might draw from the evidence, the defendant being considered as admitting every fact which the evidence tends to prove. The law arises on the facts, not on the evidence. In the present case there was some evidence, though slight, on the part of the plaintiff, on which he had a right to an inference by the jury, if they chose to make it, and therefore the case ought, we think, to have gone to the jury. It is proper to say that this point was not made in the court below, on the motion for a nonsuit.

Judgment reversed, and *venire facias de novo* awarded.