# Filson *versus* Dunbar.

A description of the character in which a party sues or is sued must always be treated as surplusage, when the facts averred and proved establish the right or duty independent of the description.

Where the widow of an intestate became his administratrix, and had personal property under the value of $300 appraised to her, and afterwards sold a part of it to a third person, in an action for the price of it, she was entitled to recover, although the suit was brought in her name as administratrix of her husband.

ERROR to the Common Pleas of *Juniata county.*

This was an action of *assumpsit* brought by Jane Filson, administratrix of Davidson R. Filson, deceased, against Josiah R. Dunbar.

Plaintiff's intestate died in September, 1854, and letters of administration on his estate were granted to the plaintiff.    The effects of the deceased were appraised agreeably to the Act of Assembly, and amounted to less than three hundred dollars, and

[Filson *v.* Dunbar.]

were taken by the widow. In March following she sold a part of these same goods to the defendant, and this action was brought to recover the price.

The defendant resisted a recovery on the ground that the action could not be maintained by the plaintiff in her representative character.

The plaintiff requested the court to instruct the jury—

" That the addition of administratrix is mere surplusage; and under the evidence in the cause, if the jury believe it, the plaintiff is entitled to recover."

His Honour (GRAHAM, P. J.) answered this point as follows:—

" The plaintiff's counsel requested the court to instruct the jury that the addition of administratrix is mere surplusage, and that under the evidence in the cause, if the jury believe it, the plaintiff is entitled to recover. The court instructed the jury that under the evidence, if they believed that the widow took the property under the $300 act, she should not recover in this action in which she sues as administratrix, but in an action brought in her own name and not as administratrix."

The jury found for the defendant.

The charge of the court was assigned for error.

*Hench* and *Doty*, for plaintiff in error.

*Parker*, contrà.

The opinion of the court was delivered by

LOWRIE, J.—The debt sued for seems to belong to Mrs. Filson, as widow, and not as administratrix of her late husband; and therefore it was a mistake to sue in her character of administratrix. But this mistake is of a kind that is always overlooked, because it never affects the merits of the cause; and therefore this plaintiff ought not, for this, to have been turned out of court.

The cause is tried before the jury, not on the style of the suit, but on the facts averred and denied. In this instance the plaintiff avers that she sold and delivered goods to the defendant, and he denies this. Her case shows that she is the legal plaintiff, and the description of her as administratrix goes for nothing. If it appeared that she had sold the goods as administratrix, and was collecting their price for the estate, nobody would hesitate in adopting this view: 8 *Ser. & R.* 124; 2 *Penn. R.* 490. But the rule applies even when the description does not truly indicate the relation of the party to the money or property claimed; as when one sues or is sued as executor, instead of as trustee or devisee: 5 *State R.* 510; 7 *Id.* 243: or as administrator, instead of as husband of his late wife: 6 *Id.* 348.

A description of the character in which a party sues or is sued

[Filson *v.* Dunbar.]

must always be treated as surplusage when the facts averred and proved establish the right or duty independent of the description.

Judgment reversed and a new trial awarded.