# Miller *versus* Bealer and wife.

1. Where the defendant moves for a nonsuit, the plaintiff's evidence must be taken to be true, and every reasonable inference of fact which a jury might draw from it in favor of the plaintiff must be drawn by the judge.

2. A. brought an action of ejectment to enforce a resulting trust in his favor in certain real estate within five years after his discovery of the circumstances giving rise to the trust. In his præcipe he described a single lot of ground. Before trial, and after the expiration of more than

[Miller *v.* Bealer.]

five years from the time of his discovery of said circumstances, A., by leave of court, amended his description so as to include another lot. On the trial the court nonsuited the plaintiff, on the ground that he was barred by the provisions of the Act of April 22d 1856, section 6, Pamph. L. 532. *Held,* that this was error. As to the lot described in the original præcipe, plaintiff was not barred, and the nonsuit was improper. As to the other lot set forth in the amendment, plaintiff was barred and the nonsuit was proper.

May 15th and 16th 1882.    Before Sharswood, C. J., Mercur, Gordon, Paxson, Trunkey, Sterrett and Green, JJ.

Error to the Court of Common Pleas of *Lancaster county :* Of January Term, 1882, No. 299.

Ejectment, by Jacob B. Miller against Barbara Bealer, wife of John Bealer, and John Bealer, her husband.    There was no declaration filed, the premises being described in the præcipe and writ as a lot of ground situate on the north-east corner of Pitt and Ferdinand streets, in the borough of Manheim, containing in front on Ferdinand street 50 feet, and extending of that width northward 114 feet to ground of Mrs. Mary Yetter, bounded on the east by property of Mrs. Barbara Bealer.    Plea, not guilty.

When the case was called for trial, before Patterson, J., the plaintiff moved for leave to amend the description in the præcipe and writ, by inserting " 75 " feet as the frontage of the lot, instead of " 50 " feet, and by striking out the words : " bounded on the east by property of Mrs. Barbara Bealer." Objected to ; objection overruled, and amendment " allowed for the present ; " exception by defendants.    The effect of the amendment was to make the writ cover two lots instead of one, as originally described.    The plaintiff then proceeded with his evidence, and showed facts which he claimed gave rise to a resulting trust in his favor in both lots.    These facts are set forth in the opinion of this court.

At the close of the plaintiff's case, the defendants moved for a nonsuit on the ground that the writ, not having been served on defendants as to the lot covered by the amended description, there could be no recovery as to that lot, and the amendment was, therefore, improvidently allowed.    The court granted the motion, and entered a judgment of nonsuit.    Thereupon, the plaintiff moved to withdraw the amendment and proceed to recover on the præcipe and writ, as originally issued.    This motion was denied by the court, who subsequently refused to take off the nonsuit.    The plaintiff thereupon took this writ of error, assigning for error the entry of the nonsuit, and the refusal to take it off.

*D. G. Eshleman* (with him *Philip D. Baker*), for the

[Miller v. Bealer.]

plaintiff in error.—In ejectment, a misdescription of the land in the writ may be amended :   Leeds v. Lockwood, 3 Norris 73 ; Sample v. Robb, 4 Harris 305.    Even if the amendment was improper, we should have been permitted to withdraw it, and proceed to trial as to the lot originally described.

*Samuel H. Reynolds* (*D. McMullen* with him), for defendants in error.—The amendment introduced a new cause of action, and was, therefore, improper.    Having been allowed in the first instance, the court was right in correcting its error, and entering a nonsuit.    After the judgment of nonsuit was entered, it was too late for the plaintiff to withdraw the amendment.    He could not take the chance of a favorable judgment, and after an adverse judgment, shift his position in the same action.

Mr. Justice TRUNKEY delivered the opinion of the court, May 16th 1882.

When the defendant moves for a nonsuit, the plaintiff's evidence must be taken to be true, and every reasonable inference of fact, which a jury might draw from it in favor of the plaintiff, must be drawn by the judge :  Smyth v. Craig, 3 W. & S. 14.    In effect, the motion is a demurrer to evidence, except that judgment cannot be entered for the plaintiff, and the defendant is considered as admitting every fact which the evidence tends to prove :   Bevan v. Insurance Co. 9 W. & S. 187.

In 1871, Mrs. Bealer was living on the property in controversy, which then belonged to White.    Miller gave her money at different times, amounting to $1,635.    He and Mrs. Bealer agreed to buy the property from White, she to make the purchase, he to give her the money, and the deeds to be made in his name.    One deed was executed on April 23d, 1872, the other on April 22d, 1873.    He first learned that the deeds were not made to himself when he received the deeds, and he received neither till in August, 1873.    The suit for one lot was brought on the 17th of June, 1878, and the plaintiff was allowed to amend the description on October 24th, 1881, so as to include the other lot.    As the case comes, these are admitted facts.

In view of such a case, the able counsel for the defendants do not deny the plaintiff's title to the lots, unless he is barred from maintaining an action by the Act of April 22d, 1856, which limits the time for bringing suit to enforce a resulting trust. They allege the act is a bar to a suit for the lot which was not included in the præcipe and writ.    Their argument is, that the nonsuit was rightly ordered because of the amended description    The parties agree that the nonsuit was moved and ordered on that ground.

In Santee v. Keister, 6 Binn. 36, it was decided that the

plaintiff, in ejectment, may recover part of the land for which the suit was brought; and that has been an accepted rule in practice ever since. Had both lots been included in the præcipe and writ, and the evidence showed the plaintiff's right to only one, he would have been entitled to a verdict for that lot. His right to recover the lot, which was described in the writ, was the same after the amendment as before. His case, as respects that lot, was not prejudiced in the least by including another in the description. If the amendment was properly allowed, the title and right of possession to each lot would remain as at the date of the allowance. Whether it was rightly allowed, is not now the question; but it could not be permitted to the injury of the defendants, in depriving them of the benefits of the statute of limitation. Conceding that the amendment was right, then the limitation of the Act of 1856 would defeat recovery of the lot thereby included, if the time had expired before the date of the amendment, but after the beginning of the suit, just as it would if both were included in a writ issued at a time when the statute would bar recovery of one and not the other.

Judgment reversed, and procedendo awarded.