## Richard T. Bastian, Appellant, *v.* City of Philadelphia.

*Practice, C. P.—Trial—Nonsuit—Evidence.*

In its legal effect, a compulsory nonsuit is substantially the same as a demurrer to the evidence, except that the trial judge cannot give judgment for the defendant. It thus impliedly admits all the facts which the jury might have inferred from the testimony. If there be any evidence beyond a mere scintilla, however slight, from which the jury may draw an inference favorable to the plaintiff, the case should be submitted; and, if it inadvertently happens to be withdrawn from the jury by judgment of nonsuit, the latter should be taken off by the trial court.

*Road law—Damages—Nonsuit.*

On the trial of an appeal from the report of a jury of view, it is error to enter a nonsuit where the evidence for the plaintiff shows that the city, in opening a street, injured plaintiff's crops outside of the street lines, although the plaintiff had planted his crops both within and without the lines of the street after the city had filed its bond.

Argued Jan. 8, 1897. Appeal, No. 315, Jan. T., 1896, by plaintiff, from judgment of C. P. No. 3, Phila. Co., March T., 1892, No. 902, refusing to take off nonsuit. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Appeal from report of jury of view. Before GORDON, J.
The facts appear by the opinion of the Supreme Court.

GORDON, J., entered a nonsuit stating his reason therefor as follows:

I have entered a nonsuit for the reasons you have heard me state. The city of Philadelphia had all these streets plotted upon its plans, from the year 1864, and this plaintiff was a tenant from year to year on this ground. An ordinance authorizing the opening of the streets passed in the year 1884, and the

city of Philadelphia came into court and filed her bond, which she is required to do under the constitution, to secure parties injured by reason of her entry and opening of the streets.    When that occurred the landlord's title to the ground was divested; that is to say, the right of immediate entry existed in the city of Philadelphia, because she filed her bond, and hence, when the landlord leased or pretended to lease subsequently the beds of those streets to this plaintiff, he, as a matter of fact, gave him no title, or whatever title he gave him was charged with the same incumbrance that the landlord's own title was.    It was the right of the city immediately to enter, hence, if the tenant planted anything in the bed of the street, it was at his own risk.    The city of Philadelphia was in a position at any moment to enter and take the land.

*Error assigned* was in refusing to take off nonsuit.

*Henry J. Scott,* for appellant.—It is difficult to conceive how the damages to the leasehold interest of the plaintiff could have been arrived at, without an estimate at least of the crop-producing capacity of the land actually taken: Danville, Hazleton & Wilkesbarre R. R. v. Gearhart, 81* Pa. 260; Hill v. Trust Co., 108 Pa. 1; Schuylkill Navigation Co. v. Thoburn, 7 S. & R. 411; Volkmar St., 124 Pa. 320; Whitaker v. Phœnixville Borough, 141 Pa. 327; Brower v. Phila., 142 Pa. 350; Ogden v. Phila. 143 Pa. 434; Gilmore v. R. R., 104 Pa. 275; Lafferty v. R. R., 124 Pa. 297; Justice v. Phila., 169 Pa. 503; Clark v. Phila., 171 Pa. 30.

The plaintiff was entitled to just compensation for the fixtures and crops injured and destroyed by the city: Bush v. City of McKeesport, 166 Pa. 57; Act of March 22, 1813, P. L. 136; Act of February 2, 1854, P. L. 21; Act of April 21, 1855, P. L. 264; Act of December 27, 1871 (Appendix, 1872, P. L. 1390); Act of May 16, 1891, P. L. 75; Art. IX., Sec. X. of the Constitution, 1790; Case of The Phila. & Trenton R. R., 6 Wharton, 25; O'Connor v. Pittsburg, 18 Pa. 187; Pusey v. Allegheny, 98 Pa. 522; District of the City of Pittsburg, 2 W. & S. 320; Furman Street, 17 Wend. 649; Forbes Street, 70 Pa. 125; Seaman v. Hicks, 8 Paige, 660; Moale v. Baltimore, 5 Md. 314; State v. Seymour, 35 N. J. L. 47; State v. Carragan, 36 N. J. L. 52; Sedgeley Ave., 88 Pa. 509; Grugan v. Phila., 158 Pa. 337.

*Francis L. Wayland*, with him *John L. Kinsey*, for appellee.
—As to an owner's title being divested by filing of a bond to
secure damages there can be no question: Fries v. R. R., 85 Pa.
73; Hoffman v. R. R., 118 Pa. 512; McClinton v. R. R., 66
Pa. 404.

In none of the cases cited by the counsel for the appellant
did the question decided involve the filing of a bond prior to
the execution of the lease. In Justice v. City, 169 Pa. 503, the
bond was not filed until after the execution of the lease. In
Lafferty v. R. R., 124 Pa. 297, no bond was filed and the deci-
sion hinged upon the mere location of the railroad. So too in
Gilmore v. R. R., 105 Pa. 275.

The entry of the city's bond and the proceedings for the same
were part of the record upon which the plaintiff's appeal rested,
which record was in the common pleas, that court being vested
with exclusive jurisdiction by the entry of the appeal: Chestnut
Street, 128 Pa. 214.

OPINION BY MR. CHIEF JUSTICE STERRETT, March 1, 1897 :
This appeal is from the refusal of the court to take off the
judgment of nonsuit. In its legal effect, a compulsory non-
suit is substantially the same as a demurrer to the evidence,
except that the trial judge cannot give judgment for the defend-
ant. It thus impliedly admits all the facts which the jury might
have inferred from the testimony: Maynes v. Atwater, 88 Pa.
496; Miller v. Bealor, 100 Pa. 583. If there be any evidence
beyond a mere scintilla, however slight, from which the jury
may draw an inference favorable to the plaintiff, the case should
be submitted; and if it inadvertently happens to be withdrawn
from the jury by judgment of nonsuit, the latter should be
taken off by the trial court.

In this case, the plaintiff claimed to recover for injury to
the crops " in the bed of the street and on the borders " outside
the street lines, and for " loss of the use of the ground." At the
commencement of the trial it was agreed by counsel that the
date of the ordinance under which Wolf and other streets were
opened was October 23, 1889, and that the bond of the city was
filed January 18, 1890, but neither appears to have been given
in evidence.

Plaintiff having been called as a witness to sustain his claim,

testified, inter alia, that he was the lessee of eight or nine acres of land in Philadelphia through which said Wolf and other streets were opened in July, 1891. The ground, within the lines of said streets, as well as that adjoining, was used by him for trucking and market gardening ; and at the time of the opening, part of it was occupied by hotbed sashes which were filled by him with plants, etc., in the fall of 1890. While his testimony is very meager as to details, he clearly and distinctly stated that the city "tore the fence down and shot the dirt over from the street," covering the crops therewith and destroying them. He also testified that the "lease commenced March 1, 1885, and ran from year to year," and that he had no notice of the intended opening of the streets. At this stage of the trial, without waiting for the plaintiff to further testify or offer further evidence and rest his case, the learned trial judge, of his own motion, ordered the nonsuit which the court afterwards refused to take off. So far as the record shows, this action of the court was wholly unwarranted. Even in the view of the case that appears to have been entertained by the learned trial judge, the evidence, as presented to us, did not warrant a compulsory nonsuit. On the contrary, if it be true, as testified by plaintiff (and for the purposes of this case we must assume it to be so), that the crops bordering on the street,—outside the lines thereof—were covered with dirt and destroyed, and the use of the ground thereby partially lost to the plaintiff, he was clearly entitled to go to the jury, even on the meager evidence that was before them at that early stage of the trial. Neither the ordinance, nor the bond given by the city, the dates of which were admitted, can possibly contain anything that would justify the commission of such acts outside the lines of the street. Meager as the testimony is, on account of the unwarranted action of the learned judge in summarily terminating the trial before the plaintiff had either time or opportunity of developing his case, there is quite enough in it to carry the case to the jury and justify them in finding in his favor. In any view that can be reasonably taken of the case on the evidence as presented to us the judgment must be reversed, and the record remitted for the purpose of a full and fair trial. It may be possible that the trial court had before it facts or admissions (not shown by the

record) which justified the action complained of. However that may be, in disposing of the case, we must be guided solely by what appears on the record.

Judgment reversed and a procedendo awarded.