## Israel Kaufman, Surviving Partner of S. Simon & Co., Appellant, v. Simon Abeles.

*Practice. C. P.—Compulsory nonsuit when error—Question for jury.*

A compulsory nonsuit being in legal effect substantially the same as a demurrer to the evidence it is error to withdraw the case from the jury if there be any evidence, beyond a scintilla, however slight, from which the jury may draw an inference favorable to the plaintiff.

Where a conversation which is the basis of a contract sued upon admits of more than one interpretation, one of which would sustain the plaintiff's contention, the question is for the jury on the proper interpretation and the credibility of the witnesses.

Argued Oct. 4, 1899. Appeal, No. 77, Oct. T., 1899, by appellant, from judgment of C. P. No. 2, Phila. Co., March T., 1894, No. 95, entering compulsory nonsuit. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER and BEEBER, JJ. Reversed. Opinion by BEAVER, J.

It appears from the record that this action was assumpsit on book account on which the balance claimed was $60.03. The book entry showed a charge against one Meyer altered by the cancelation of that name and the interlineation of the name of the defendant at a date later than the alleged sale. At the trial it was testified by the salesman of the plaintiff that the purchase had been ordered by the defendant as assignee for the benefit of creditors of one Bamberger, the goods to be charged to Meyer, who was buying out the stock of the assigned estate; and by the plaintiff that the charge had originally thus been made. WILTBANK, J., entered a judgment of nonsuit which the court in banc afterwards refused to set aside.

*Error assigned* was in refusing to set aside nonsuit.

*George P. Rich*, with him *Henry C. Boyer*, for appellant.—Nothing is better settled than that administrators, as trustees, have no authority to create or incur an obligation against the estate, and if they undertake to do so the obligation is their own, and enforceable against them alone, and not against the decedent's estate: Fluck v. Hager, 51 Pa. 464; Shields v. Owens, 1 Rawle, 61, 72; Seip v. Drach, 14 Pa. 352.

In Brubaker v. Okeson, 36 Pa. 519, it is said: "The court construed the language of the witnesses, and took away from the jury all inquiry as to its meaning. The rule, however, is undoubted that the meaning of words used in conversation and what the parties intended to express by them, is exclusively for the jury to determine."

In Maynes v. Atwater, 88 Pa. 496, the Court say: "The sense of words used in connection with what the parties intended to express by them is exclusively for the jury to determine. The judge may not put a legal interpretation on oral words, and make it a matter of positive direction.

"It is the province of the court to expound the meaning of an instrument, but not of words uttered, of which there can be no tenor. It is the province of the jury who hear and observe the witness, to determine the meaning of what he says."

*John Weaver*, for appellee.—The mere fact of want of authority in the trustee to bind an estate will not make him personally liable in cases of executory contract where the facts show

that no such liability was intended by either of the parties: Perry on Trusts, 437 a.

The case of Hewitt v. Phelps, 105 U. S. 393, cited by the appellants, is based upon the law under the decisions of Mississippi, that case having been taken from that state. The doctrine cited above from Perry on Trusts is followed in Fehlinger v. Wood, 134 Pa. 517, 523.

It is very certain that in this case no personal liability on part of Abeles was intended by anybody. It is shown quite clearly that the plaintiffs never intended to charge him personally, as even, when they made the change in their entries, they charged it to him as assignee, and did not attempt to charge him personally.

OPINION BY BEAVER, J., November 20, 1899:

" In its legal effect a compulsory nonsuit is substantially the same as a demurrer to the evidence, except that the trial judge cannot give judgment for the defendant. It thus impliedly admits all the facts which the jury might have inferred from the testimony : Maynes v. Atwater, 88 Pa. 496; Miller v. Bealer, 100 Pa. 583. If there be any evidence beyond a mere scintilla, however slight, from which the jury may draw an inference favorable to the plaintiff, the case should be submitted ; and, if it inadvertently happens to be withdrawn from the jury by judgment of nonsuit, the latter should be taken off by the trial judge : " Bastian v. Phila., 180 Pa. 227.

Bamberger, an insolvent, continued in the employ of his assignee, the defendant, in a retail store. Plaintiff's agent, as was his wont, visited the store and offered to sell a bill of goods to Bamberger, who informed him of his insolvency and inability to make purchases. He referred him at the same time to the defendant who was in the store. What followed appears in the testimony of the agent. " I told him (defendant) that Mr. Bamberger would like to buy those goods, providing he was satisfied ; that he couldn't buy them himself, because he was under Mr. Abeles—he was the assignee—and he told me then, ' You sell here, while I am assignee. I will hold myself responsible ; ' and I said, ' All right ; I will sell those goods.' He said it was all right. He said he would see that they would be paid for, while he was assignee. I told Mr. Bamberger Mr.

616, (1899).]    Opinion of the Court.

Abeles consented to buy the goods. It was all right and he went along down to the sample room and I sold the goods and delivered them up in the store." These facts are reiterated in various forms and their effect is rather emphasized than diminished by the cross-examination and the testimony of Bamberger. If the defendant had been a stranger and had agreed to make a purchase of goods for Bamberger, no sale having been made to the latter, he would undoubtedly have been liable as an original promisor. Bamberger, assuming the truth of his statement as we must—made no purchase and could make none; there was no liability on his part and no promise, express or implied, to pay; he had contracted no debt and it was, therefore, impossible for defendant to have agreed to pay his debt. The promise, therefore, if one was made, does not come within the provisions of the Act of April 26, 1855, P. L. 308: Nugent v. Wolfe, 111 Pa. 471; Watson v. Porzel, 158 Pa. 513; Bailey v. Marshall, 174 Pa. 602. The fact that he was Bamberger's assignee can make no difference in the principle: Wilmarth v. Mountford, 8 S. & R. 124; Filson v. Dunbar, 26 Pa. 475.

If the conversation between plaintiff's agent and the defendant admitted of more than one interpretation, it was for the jury, as was also the credibility of the witnesses: McFarland v. Newman, 9 Watts, 55; Brubaker v. Okeson, 36 Pa. 519; Fulton v. Lancaster, 162 Pa. 294.

No opinion was filed by the court below and we are at a loss to determine upon what grounds the nonsuit was entered or those for the refusal to take it off upon application.

The only question raised by the specifications of error is as to the refusal of the court to take off the nonsuit entered at the trial. In this we think there was error, as there was sufficient testimony to carry the question of the defendant's liability to the jury.

Judgment reversed and a new venire awarded.