# Gordon et al., Appellants, *v.* Gordon et ux.

*Equity—Practice, equity—Successive bills—Dismissal of second bill—Amendment to first bill.*

1. Where two bills in equity are filed in litigation between the same parties, it is proper to dismiss the second bill where questions raised therein should have been set up by amendment to the first bill.

*Equity—Practice, equity — Rule 68 — Dismissal of bill before hearing defendant's case—Evidence considered more favorably to plaintiff.*

2. A decree dismissing a bill in equity will be reversed, where the court, at the close of plaintiff's testimony, declines to hear further witnesses, files findings of fact and conclusions of law, enters a decree of dismissal under Rule 68, and finally overrules exceptions and enters a final decree dismissing the bill.

3. It is only where plaintiffs cannot recover under any view of the evidence that a decree of dismissal under Rule 68 may be entered.

4. As such a decree is summary in character, every doubt must be resolved against its entry.

5. The provision of Rule 68 that "a refusal of the court, after motion and argument, to change the decree, shall be considered a final decree for all purposes," does not cure an error made in entering the order in the first instance, but merely states the effect of finally sustaining such action.

6. In such case the requirement that the evidence must be considered most favorably to plaintiffs, is applicable.

Argued February 19, 1923. Appeals, Nos. 55 and 56, Jan. T., 1923, by plaintiffs, from decrees of C. P. Lackawanna Co., June T., 1920, No. 3, and Oct. T., 1921, No. 20, dismissing bills in equity, in cases of A. A. Gordon et al. v. Hubert I. Gordon et al. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Bills to set aside deed. Before EDWARDS, P. J.
The opinion of the Supreme Court states the facts.
Bills dismissed. Plaintiffs appealed.

*Errors assigned,* inter alia, were decrees, quoting them.

*Thomas P. Duffy,* for appellants.

*Edward J. Kelly* and *John P. Kelly,* with them *P. E. Kilcullen,* for appellee.

PER CURIAM, March 19, 1923:

In the court below two bills in equity were filed by a grantor's heirs at law, seeking to set aside a deed for a lot of ground situate in the City of Scranton; the first, No. 55, alleging title was obtained by the grantee taking advantage of the confidential relation existing between the parties, and the second, that the property was intended to be held in trust for the grantor. The latter was dismissed for the reason the questions raised should properly have been set up by amendment to the first bill; and from this order the appeal to No. 56, January Term, 1923, was taken. The order was proper under the circumstances. Upon return of the record the bill in the first case may be amended, if desired, to raise all issuable questions.

At the trial of the first case the grantee, called as under cross-examination, gave a most confusing account of the transaction. If part of his testimony and the inferences to be drawn from it is believed, and the remainder rejected, a decree should be made in favor of plaintiffs; if, on the other hand, other portions of his testimony is believed, defendants are entitled to a decree in their favor. At the close of plaintiff's testimony the court declined to hear further witnesses and later filed findings of fact and conclusions of law as though the case had gone to final hearing, entered a decree of dismissal under Rule 68, sustained this conclusion as against exceptions and entered a final decree dismissing the bill. From this action an appeal was taken to No. 55, January Term, 1923, which must be sustained, since it is only where plaintiffs cannot recover under any view of the evidence that a decree of dismissal under that rule may be entered (Bastian v. Phila., 180 Pa. 227; Virgilio v. Walker, 254 Pa. 241), for the reason stated in the rule, "such decree shall have the effect of a nonsuit at law." Further, inasmuch as this sort of decree is of a summary character, every doubt must be resolved against its entry: Kidder

Elevator Interlock Co. v. Muckle, 198 Pa. 388; Rhodes v. Terheyden, 272 Pa. 397.

While Rule 68 further provides that "a refusal of the court, after motion and argument, to change the decree, shall be considered a final decree for all purposes," this clause does not cure an error made in entering the order in the first instance, but merely states the effect of finally sustaining such action, the requirement that the evidence must be considered most favorably to plaintiffs being applicable. The rule does not provide for findings of fact upon conflicting evidence, as does Rule 62 relating to final hearings, but only for the court's "setting forth its reasons for refusing to change the decree of dismissal."

At law the practice referred to regarding nonsuits is partially founded on the fact that the court cannot know the view the jury will take of conflicting evidence, while in equity the chancellor, who is the trier of the facts, possesses that information; in both law and equity, however, the case may, and usually does, present quite a different aspect when defendant's evidence is produced.

At No. 55, January Term, 1923, the decree of the court below is reversed and the record remitted with a procedendo, the costs to abide final decree.

The appeal at No. 56, January Term, 1923, is dismissed at appellants' costs.