## Valley Smokeless Coal Co. *v.* Manufacturers' Water Co., Appellant.

Argued October 8, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*John J. Heard,* with him *J. C. Davies, Carl E. Glock* and *Reed, Smith, Shaw & McClay,* for appellant.—In view of the testimony and findings of fact, the lower court erred in directing appellant to supply artificial support, and, in default thereof, in declaring appellant's rights forfeited.

Equitable principles restricting right to specific performance should have been applied in this case: Welsh v. Ford, 282 Pa. 96; Rupniewski v. Miazga, 299 Pa. 190; Humphrey v. Brown, 291 Pa. 53.

In view of the facts, neither an injunction nor a forfeiture should have been decreed: Balliet's App., 93 Pa. 434; Pittsburgh v. Ry., 234 Pa. 193; Edison Illuminating Co. v. Eastern, etc., Power Co., 253 Pa. 457.

The mere violation of a right does not afford sufficient reason for an injunction: Penna. Co. v. Sun Co., 290 Pa. 404; Robb v. Carnegie, 145 Pa. 324; Farver v. Car & Foundry Co., 24 Pa. Superior Ct. 579; Elliott Nursery Co. v. Light Co., 281 Pa. 166; Berkey v. Coal M. Co., 220 Pa. 65; Powers v. Boom Co., 125 Pa. 175; Good v. Brick Co., 224 Pa. 496.

*Percy Allen Rose,* with him *Edwin A. Lucas* and *Dickson, Beitler & McCouch,* for appellee.—Impairment of a right secured by contract is enjoinable in equity irrespective of any question of damage: Woelpper v. Water & Power Co., 250 Pa. 559; Stuart v. Gimbel Bros., 285 Pa. 102; Com. v. Ry., 24 Pa. 159; Penna. R. R. Co.'s App., 115 Pa. 514; Hall v. R. R., 215 Pa. 172; Clark v. Martin, 49 Pa. 289; Hacke's App., 101 Pa. 245; Bitting's App., 105 Pa. 517.

Appellant is not entitled to force the surrender of appellee's property rights in return for compensation: Unangst's App., 55 Pa. 128.

Doctrine of alleged comparative injuries and benefits has no application to the present proceeding: Valley

S. Coal Co. v. Water Co., 295 Pa. 40; Quinn v. Mfg. Co., 293 Pa. 152; Stuart v. Gimbel Bros., 285 Pa. 102; Woelpper v. Water & Power Co., 250 Pa. 559; Sullivan v. Steel Co., 208 Pa. 540.

OPINION BY MR. JUSTICE SADLER, November 24, 1930:

The Valley Smokeless Coal Company, under contract of February 16, 1907, granted the Manufacturers' Water Company permission to lay a pipe line over its property for 2,800 feet, of which three-fourths was to be placed in a tunnel. The grantee agreed, in consideration, to protect the workings of the grantor, and at all times to support its structure so that no damage should be inflicted, stipulating that all rights should be forfeited if it failed to do so. Plaintiff promised to leave unmined a strip 25 feet wide under the tunneled part of the line, reserving, however, the right to make crosscuts of 18 feet in width, not closer than 100 feet apart. To properly mine the coal, it became necessary to approach more closely the land occupied by the water company, and, in 1928, the coal company found its further operation perilous, and the removal of adjacent pillars impossible without endangering the mine by a break in the water line, unless additional lateral support was supplied, as contracted for. Request that this be furnished was refused by defendant, whereupon a bill was filed, setting forth the default in the obligation assumed, and asking that the rights of the grantee company be declared forfeited, and the removal of its pipe line directed. This application for relief was refused by the court below, but its decree was reversed and a procedendo awarded, making necessary an answer on the merits to the claim asserted. In this court the contract was construed, and the rights of the parties defined, as will appear in the case reported (Valley Smokeless Coal Co. v. Manufacturers' Water Co., 295 Pa. 40), to which reference is made for a re-

cital of the facts involved and the legal conclusions reached.

The case was returned to the court below for consideration of such testimony as might be presented by the parties after answer filed, and the making of an appropriate decree, based thereon, by the chancellor. The procedendo granted here left the court below unhampered in considering the merits of the case as they might develop on trial: Penna. Coal Gas Co. v. Versailles Gas Co., 131 Pa. 522; Hannum v. Media Electric Ry. Co., 221 Pa. 454; Sloan v. P. & R. Ry. Co., 235 Pa. 155. A hearing was had, followed by 63 findings of fact and 10 conclusions of law. Only seven of the former and six of the latter are complained of in the assignments of error filed, two of which are directed to the preliminary and final decree. The facts as stated in the bill are found practically as alleged, with the addition that the support contracted for could only be furnished at great expense, with small resulting benefits to the plaintiff, but this question of comparative injury does not preclude the right to a decree, as set forth in the opinion heretofore filed: Valley Smokeless Coal Co. v. Manufacturers' Water Co., supra, p. 48, and cases cited.

The chancellor also determined that the damages sustained could be compensated at law, a matter also previously suggested, but this does not in itself prevent an order as prayed for, where it is apparent that express private rights contracted for have been or are about to be violated. The following cases, Stuart v. Gimbel Bros., 285 Pa. 102; Semple v. C. & P. R. R., 172 Pa. 369; Bald Eagle Valley R. R. v. Nittany Valley R. R., 171 Pa. 284; Patton Twp. v. Monongahela St. Ry. Co., 226 Pa. 372, may be cited in addition to those referred to in the first opinion filed in this litigation. It is true that rights acquired by contract will not ordinarily be enforced by declaration of a forfeiture in equity, but this rule is subject to exception where

the agreement itself provides for such relief in case of default. Here, the court has found that the damages may be recovered at law, but that does not prevent the order prayed for: Patton Twp. v. Street Ry Co., supra. In the decree finally entered the chancellor protected the public by granting defendant leave to condemn the land required for the necessary support, a right existing in a water company, chartered on January 26, 1900, since it acquired this power by the Act of April 29, 1874 (P. L. 73, section 34, clause 4), and its supplements. The defendant is not restrained from so proceeding by the Act of April 13, 1905 (P. L. 152), limiting the right of water companies, in exercising the right of eminent domain, which applied only to the taking of waters in streams (Brumbaugh v. Raystown Water Power Co., 254 Pa. 215), a privilege since restored when the Public Water Supply Commission approves: Act June 7, 1907, P. L. 455, section 4.

The only serious objection to the granting of the redress asked results from certain findings of fact reached by the chancellor. The court states (p. 39): "The opening contemplated by this contract, in so far as the width is concerned, contemplated a maximum width determined at right angles to the 25-foot strip," and (p. 40): "that an opening 18 feet wide and crossing said twenty-five-foot strip at other than a right angle results in an opening across the strip of a greater width than 25 feet," and (p. 41): "that plaintiff in a number of places has crossed the 25-foot strip with openings that are more than 18 feet in width and at more frequent intervals than 100 feet apart." It is not urged that there was an intentional removal of support under the strip by the coal company, or that objection was made by defendant to the manner of cutting, though known to it at the time, and the court found the support thus removed could be replaced, though the work of so doing would be expensive.

It is insisted, under the circumstances, that plaintiff, because of the excess cutting, does not come into court with clean hands, and no decree in its favor should therefore be entered. In order to apply the rule referred to it must appear that the misconduct has been willful (Lewis & Nelson's App., 67 Pa. 153), and not merely negligent: Bradly v. Jennings, 201 Pa. 473. Nor will it be, when defendant has not been seriously harmed, and the wrong complained of can be corrected: Wilson v. Keller, 195 Pa. 98. The application of the principle depends upon the character and conduct of the moving party, and, if it does not affect the equitable right which it asserts against the defendant, or the relief which it demands, it will not be made: Belmont Laboratories, Inc., v. Heist, 300 Pa. 542. Equity will not stand aside the one whose rights have been transgressed and permit them to be appropriated because of previous bad conduct (D., L. & W. R. R. Co. v. Stroudsburg St. Ry. Co., 289 Pa. 131) and, if the plaintiff offers reparation for what he has done, he may be granted relief contingent upon repairing the injury which he has inflicted: Comstock v. Thompson, 286 Pa. 457; 21 C. J. 187. Here, the coal company agreed, in the court below, and renews the offer here, to replace the support, unintentionally removed, to the extent originally furnished, but demands that the further lateral support contemplated by the contract and necessary to the mining of its coal beyond the 25-foot strip be supplied.

The final decree appealed from directed the defendant to remove its pipe line within six months and give bond for damages already sustained, unless the defendant, in the meantime, institute appropriate proceedings to condemn the right-of-way as now located. In view of the action of plaintiff, in removing from the reserved strip more coal than permitted by the agreement of 1907, this order should be modified so as to direct that before the decree of forfeiture shall become operative,

or bond for damages be filed, the appellee shall be required, within a reasonable length of time, to replace, with suitable material as directed by the court below, the support which it has improperly removed under the 25-foot strip; and unless this is done the bill shall be dismissed. If, however, this support is replaced, appellant shall be given a sufficient length of time to elect to comply with the decree of the court requiring it to support the pipe line according to the terms of the agreement, or, in the event of failure to do so, the decree of forfeiture shall become operative, unless within six months thereafter condemnation proceedings shall be duly instituted by defendant for sufficient land to assure the maintenance of the support provided for in the contract of the parties.

As modified, the decree is affirmed at the costs of appellant.