Walacavage, Appellant, v. Walacavage.

Argued September 28, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*W. J. Krencewicz,* for appellant.

*John A. Miernicki* and *J. W. P. Burke,* did not appear nor file a brief for appellee.

OPINION BY GUNTHER, J., January 12, 1951:

This appeal is from the dissolution of a preliminary injunction and from the dismissal of plaintiff's bill before answer was filed. Helen Walacavage, appellant, filed a bill in equity seeking to restrain defendant from transferring a certificate of title to a 1936 DeSoto sedan, and praying for a return of said certificate together with possession of said vehicle. The court below dismissed the bill and this appeal followed.

Appellant's bill in equity recited, *inter alia,* that on April 26, 1941, she purchased a 1936 DeSoto sedan the title to which was taken in the name of the defendant, her son, as trustee for appellant; that defendant

paid no consideration for the purchase; that neither the certificate of title nor possession of the vehicle was ever given to defendant; that defendant, without the knowledge or consent of appellant, removed the certificate and the car from appellant's home and has, upon request, refused to return the certificate or the car to her. A preliminary injunction was granted; subsequently the defendant filed a motion to dissolve the injunction and dismiss the bill on the ground that appellant had an adequate remedy at law. A hearing was held on February 21, 1949, and on September 12, 1949, the chancellor filed two opinions (1) refusing defendant's motion to dismiss on the ground assigned; but (2) dismissing the bill and dissolving the preliminary injunction on the ground that appellant had not come into court with "clean hands". The chancellor made no findings of fact or conclusions of law in support of his action in dismissing the bill. Plaintiff filed exceptions to the decree dismissing her bill; the matter was heard before the court *en banc* and after argument the court affirmed the actions of the chancellor dismissing the bill.

Appellant urges that the court below committed error in dismissing her bill by applying the doctrine of unclean hands; that the doctrine of "unclean hands" has no application for the reason that any alleged misconduct does not in anywise relate to the transaction or subject matter before the court. Appellant's complaint is meritorious; the decree will be reversed.

The dismissal of the bill by the court below after hearing appellant's testimony has the effect of a nonsuit at law: *Gordon v. Gordon*, 277 Pa. 53, 55, 120 A. 709; *Bastian v. Philadelphia*, 180 Pa. 227, 36 A. 746; Equity Rule No. 66. Being summary in character, every doubt must be resolved against the entry of such a decree. The evidence produced must be considered in a

light most favorable to the plaintiff. *Gordon v. Gordon,* supra. So considering the testimony, the present record does not disclose such a clear case as to warrant a summary dismissal of the bill.

The testimony, briefly summarized, establishes that on or about April 26, 1941, plaintiff purchased a 1936 DeSoto sedan for $400.00, being credited with $75.00 for a trade-in value of a Plymouth automobile; that at the time of the purchase the defendant was present and knew that title was put in his name as a trustee for his mother, appellant, and that defendant agreed that although title was taken in his name he would hold the said title as trustee for his mother; that defendant paid no consideration for the purchase of the car and the certificate of title, although registered in the name of defendant, was never delivered to him, nor was possession of the car. Appellant had possession of both the certificate of title and the car until defendant surreptitiously removed them from the home of appellant. There was testimony indicating that "a long time" before the purchase of this DeSoto sedan, appellant had been on relief for approximately three weeks. The following testimony appears: "Q. Will you tell the Court whether or not title was taken in your name or in somebody else's name? A. In Edward's. Q. Why was it put in Edward's name? A. Well, I thought I'd share it. He's the only son. And one time I was on the relief, a long time before I had the car. . . . Q. And the certificate of title was taken in his name because you feared that the relief might take it away? A. Yes, yes, that's right. . . . Q. And you say that the reason for taking the title in his name was because you were on relief? A. That's right. . . . Q. And did I understand that you had been on relief for two weeks and you were doing that to protect yourself? A. Yes. Q. But the title was never intended to pass into your son? A. That's

right. Q. It was always intended to remain in yourself? A. That's right. Q. He actually never received title? A. Yes. That's right. Q. Were you on relief for any period of time? A. Yes. For three weeks". Upon the basis of the foregoing testimony, the court below concluded that appellant had not come into court with "clean hands" and dismissed her bill.

The doctrine of unclean hands affects misconduct in the matter in suit only (*Robinson v. Goldberg,* 331 Pa. 401, 405, 200 A. 4; Cf. *Dempster v. Baxmyer,* 231 Pa. 28, 36, 79 A. 805), and is available only when the plaintiff in an equity suit has been guilty of unconscionable or unlawful conduct respecting the transaction before the court. *Comstock v. Thompson,* 286 Pa. 457, 461, 133 A. 638. A strikingly analogous case is *Vercesi v. Petri,* 334 Pa. 385, 5 A. 2d 563. In that equity proceeding for an accounting, it appeared that plaintiff and defendant had entered into an oral agreement of partnership to conduct a restaurant, and all partnership assets were taken in. defendant's name with the intent on the part of plaintiff to evade his past creditors. The Court concluded that the doctrine of unclean hands had no application, and speaking through STERN, J., said: "One of the limitations of the doctrine of coming into equity with unclean hands is that the wrongdoing of the plaintiff must have been in reference to the very matter in controversy and not merely remotely or indirectly connected therewith: Comstock v. Thompson, 286 Pa. 457, 461; Delaware, Lackawanna & Western R. R. Co. v. Stroudsburg, Water Gap & Portland Street Railway Co., 289 Pa. 131, 138; Valley Smokeless Coal Co. v. Manufacturers' Water Co., 302 Pa. 232, 238". In the instant case, there is no evidence disclosing what amount appellant might be liable to repay to the Commonwealth, except that she was on relief for approximately three weeks "a long time be-

fore". There is no evidence indicating that because of this transfer to defendant, appellant was rendered insolvent or unable to reimburse the Commonwealth; that she is unable to pay the small amount of relief that she may be required to repay; that her conduct has any possible association or connection between the parties in controversy, *inter se*. The court below therefore erred in invoking the doctrine of "unclean hands" in the circumstances disclosed by this record. Moreover, it is of passing interest to observe that should appellant ultimately succeed in obtaining title and possession of the vehicle in question the Commonwealth may be in a better position to enforce whatever rights it may have.

Decree of the court below is reversed and the record is remitted with a procedendo, the costs to abide the final decree.