## JOHNSON LUNT & al. vs. ROYAL BROWN.

One cannot maintain trespass for taking personal property, unless at the time of the taking, he had the possession, or the right of taking actual possession.

Where one has made a parol lease of personal property to another for a specified time, he cannot maintain *trespass* for taking the property, if taken during that time, as the property of the lessee.

THE action was *trespass* for taking the plaintiffs' mare, and the writ was dated *June* 10, 1834. The defendant pleaded the general issue, with a brief statement, that as a deputy-sheriff, he took the mare, having attached the same on a writ in favor of *J. Herrin & al.* against *Israel Winn*. The plaintiffs proved, that *Winn* applied to *S. Lunt*, one of the plaintiffs, in *Feb.* 1834, and wished him to purchase his mare ; that said *S. Lunt* thereupon agreed to purchase the mare for himself and *J. Lunt*, for fifteen dollars,

Lunt v. Brown.

and that this sum was paid by them to *Winn*, and the mare delivered to the plaintiffs; but at the same time it was agreed, that *Winn* should keep the mare till "grazing time," and that if at any time before then *Winn* should pay the plaintiffs fifteen dollars and interest, they would re-sell the mare to him. The defendant proved, that he attached the mare on the 20th day of *March*, 1834, on a writ in favor of said *Herrin & al.*, and that within three or four days after, the attorney of *Herrin & al.* called on *S. Lunt* to inquire about the title to the mare, and in the course of the conversation *Lunt* said he should be satisfied, if he should receive fifteen dollars. The defendant also proved, that afterwards on the 12th day of *May*, 1834, said *Herrin* tendered to *S. Lunt* fifteen dollars and twenty-five cents, which *Lunt* refused to receive. The trial was in the Court of Common Pleas, before *Smith J.*, who instructed the jury, that upon these facts the action could not be maintained. The jury found a verdict for the defendant. To this instruction the plaintiffs excepted.

The defendant also excepted to certain rulings of the Judge in relation to an amendment, and the exceptions of each party were argued. As the opinion of the Court was against the plaintiff on his exceptions, those of the defendant are not noticed.

*Boutelle*, for the plaintiffs.

The sale in this case was absolute, and *Winn* had a mere right of purchasing back from them at an agreed price. *Badlam* v. *Tucker*, 1 *Pick.* 284. But if the transaction amounted to a mortgage *Winn* only had the power to redeem, and his right is not an attachable interest. *Holbrook* v. *Baker*, 5 *Greenl.* 309. Nor is the defendant aided by his tender. No one can make a tender legally, unless he has an interest in the subject matter. 5 *Bacon's Ab. A.* 5; 5 *Dane*, 494. Besides the tender should have been made before the attachment.

As the trespass was committed in *March*, perhaps we could not then have supported the action. But as the suit was not commenced until the tenth of *June*, the time had arrived when the special property had ceased, and we were entitled to the possession.

*Wells*, for the defendant, made these objections.

1. The plaintiffs are but mortgagees, and the defendant represents creditors of *Winn*. The plaintiffs agreed with the agent of

the creditor to take $15,00 in discharge of their claim, and thereby induced him to hold the property. This sum was tendered to them seasonably, and all their right to the property then ceased. They are bound by their own contract.

The plaintiffs are but mortgagees. *Homes* v. *Crane*, 2 *Pick.* 607. They are bound by their contract, for it was a detriment to the creditor. *Train* v. *Gold*, 5 *Pick.* 380. Although the payment would have been in season, if made by " grazing time", it might be made sooner.

2. The property was *Winn's*, when attached, and if the plaintiffs had a lien upon it, they could demand no more than the amount of it, and this was tendered to them. If their action could have been maintained, they could not have recovered but fifteen dollars. The defendant had a right to take the horse, as it respected *Winn*, and to retain it as long as *Winn* could ; and therefore had a direct interest in the horse, and was entitled to tender on that ground. *Badlam* v. *Tucker*, cited by plaintiffs ; *Holbrook* v. *Baker*, 5 *Greenl.* 309 ; *Boyden* v. *Moore*, 11 *Pick.* 362.

3. Trespass will not lie in this case. When the attachment was made, *Winn* was rightfully in possession, and the plaintiffs had no right to it. If there had been any wrong done by the defendant, it would have been in not returning the mare, not in taking her. The plaintiffs might as well maintain trespass against *Winn* as against the defendant. *Wyman* v. *Dorr*, 3 *Greenl.* 183 ; *Seaver* v. *Dingley*, 4 *Greenl.* 316 ; *Vincent* v. *Cornell*, 13 *Pick.* 294 ; 1 *Chitty on Pl.* 125 ; *Gardiner* v. *Campbell*, 15 *Johns. R.* 401 ; *Nixon* v. *Jenkins*, 2 *H. Black. R.* 135.

After an adjournment, the opinion of the Court was drawn up by

WESTON C. J. — Regarding the right of property, in the mare in controversy, to have been in the plaintiffs, with a right of preemption only in *Winn*, as whose property she was taken by the defendant, the officer; the case finds, that by the agreement between the plaintiffs and *Winn*, the latter was to keep her until grazing time. She was taken by the officer in *March*, before the time of grazing. And this is the only proof of trespass, upon

which the plaintiffs rely, to maintain their action. Trespass is a remedy afforded by law, for an injury done to the plaintiffs' possession. They must show possession actual or constructive, or an immediate right of possession.

In *Ward* v. *Macauley et al.* 4 *T. R.* 480, the plaintiff had let to *Lord Montfort* a ready furnished house, and the lease contained a schedule of the furniture. Pending the lease, the defendants, sheriffs of *Middlesex*, seized part of the furniture on execution against *Lord Montfort*. Trespass was held not to lie against the defendants, because the plaintiff had neither possession, nor a right of possession at the time. The same doctrine was recognized in *Putnam* v. *Wyley*, 8 *Johns. R.* 432, and in *Clark* v. *Carlton*, 1 *N. H.* 110.

As the plaintiffs had neither possession, nor the right of possession, at the time of the alleged trespass, we are satisfied on this ground, that the Judge below was warranted in instructing the jury, that the action was not maintained. We accordingly overrule the exceptions taken by the counsel for the plaintiffs. It has become unnecessary therefore to consider those taken for the defendant, as, if they are overruled, the plaintiff cannot prevail.

*Judgment for the defendant.*