## Martin, Appellant, *v.* Davis.

*Husband and wife—Married women—Earnings of wife—Debt of husband—Execution.*

Money earned by a married woman before her marriage and by keeping boarders afterwards cannot be taken in execution to satisfy the debt of her husband.

A wife is entitled to the avails of her separate property though the labor of her husband mingles in the production.

Argued Dec. 14, 1905, Appeal, No. 93, Oct. T., 1904, by plaintiff, from order of C. P. No. 1, Phila. Co., Dec. T., 1895, No. 739, refusing to take off non-suit in case of Thomas J. Martin, Jr., v. Louis Davis, defendant, and the Commonwealth Title Insurance & Trust Company, garnishee. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Attachment execution.

The opinion of the Superior Court states the case.

*Error assigned* was the order of the court refusing to take off nonsuit.

*Thomas Diehl,* with him *Thomas J. Martin, Jr.,* for appellant.

*Max Graft,* for appellee.

PER CURIAM, January 13, 1906:

Upon a judgment for $50.00, entered by the plaintiff against Louis Davis in 1895 and revived in 1901, the plaintiff issued an attachment execution in the latter year, and summoned the Commonwealth Title Insurance and Trust Company as garnishee. Upon the trial of the issue between the plaintiff and the garnishee the former called Bella S. Davis and her husband, Louis Davis, as if under cross-examination, and from them and other witnesses elicited testimony to the effect, that about four months before the attachment issued one William S. Reaney conveyed his interest in certain real estate to Bella S. Davis

for the consideration of $1,500; that the money used in making the purchase was lent to her by one Albert P. Hill, to whom she gave her judgment note, which was duly entered of record; that at the time of making this loan she was the ostensible owner of interests in other pieces of real estate which she had acquired several years before; that about three months after her purchase of the Reaney interest she sold it for $4,150; and that after repaying the Hill loan and expenses she deposited the balance in her own name with the garnishee. It is the money thus acquired and deposited by Bella S. Davis that the plaintiff seeks to hold for her husband's debt. It was intimated in the plaintiff's examination of Mrs. Davis that the titles to the several interests in real estate held by her at the time of the loan above mentioned, upon the credit of which it may be inferred she obtained the loan of $1,500, were simply put in her name in order to shield them from her husband's creditors. This, however, was explicity denied by her, and was not supported by any direct testimony, or by any testimony as to the indebtedness of Louis Davis or his ownership of property at the time these interests were acquired, from which it could be inferred that the title was put in her name with the actual intent to defraud creditors, or, whatever the intent, that the effect would be to defraud his creditors. So far as the testimony shows, the only debt he owed at the time she acquired these interests was represented by the $50.00 judgment above mentioned, and there is not any evidence that he was not the owner of property amply sufficient to meet any indebtedness that he may have had at that time, or that he was engaged in, or about to engage in, a hazardous business. On the other hand, the testimony was uncontradicted that these interests were purchased with money which Mrs. Davis had earned before her marriage and by keeping boarders afterwards, and were not derived by gift or otherwise from or through her husband. We do not say that it would not have been competent for the plaintiff to have contradicted this testimony. It is unnecessary to discuss that question. He did not attempt to contradict it, although that could easily have been done if it was not truth; that is to say, Mrs. Davis testified to facts which it would have been feasible for the plaintiff to contradict if her testimony as to the acquisition, safe keeping and disposition of the money

was untrue.   The facts essential to sustain her title to the fund, even as against the plaintiff, who became a creditor of her husband in 1895, having been developed by the plaintiff in the presentation of his own case, and no testimony having been adduced by him · contradicting or qualifying the testimony as to those facts, the court was clearly right in awarding a compulsory nonsuit.   A verdict in favor of the plaintiff could not have been sustained upon his own showing.   The mere fact that the purchase of the Reaney interest, and the making of the loan from Hill were accomplished through the agency of her husband would not warrant a different conclusion from that above stated.   It was well settled prior to the passage of the liberal acts of 1887 and 1893, and is equally true now, that a wife is entitled to the avails of her separate property though the labor of the husband mingles in the production.

The judgment is affirmed.