# Morrison, Appellant, *v.* Nipple.

*Trespass—Wrongful sale of goods—Sheriff's sale—Replevin.*

1. Where a person is not only the purchaser of goods wrongfully sold at a sheriff's sale, but has also incited and instigated the sale, and indemnified the sheriff against liability therefor, the owner of the goods may proceed against such purchaser by an action of trespass. He is not restricted to an action of replevin.

*Sheriff's sale—Husband and wife—Cost of appraisement—Act of May 26, 1897, P. L. 95.*

2. Where a married woman's goods are levied upon in the house in which she lives with her husband, and sold at sheriff's sale for her husband's debt, she is not required under the Act of May 26, 1897, P. L. 95, in making a claim for the goods to pay the cost of the appraisement.

3. Under the Act of June 8, 1893, P. L. 344, a married woman is entitled to the proceeds of her separate property, and may engage in work outside of the ordinary duties of the family relation and receive compensation therefor. Money earned by her by keeping boarders with the consent of her husband is not liable for the latter's debt.

Argued Oct. 28, 1908.  Appeal, No. 111, Oct. T., 1908, by plaintiff, from judgment of C. P. Huntingdon Co., Feb. T., 1906, No. 3, on verdict for defendant in case of Henrietta Morrison v. D. C. Nipple.  Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.  Reversed.

Trespass for a wrongful sale of plaintiff's goods.

SHULL, P. J., specially presiding, stated the facts to be as follows:

The facts are, that a judgment was entered in the common pleas of Mifflin county in favor of Annie W. Hayes against B. E. Morrison, J. T. Caldwell and D. C. Nipple, upon which a fi. fa. was issued.  The sheriff levied upon the personal property upon the premises occupied by B. E. Morrison and advertised the same for sale.  Henrietta Morrison, the wife, claimed the household goods, notice of which she gave in writing to the sheriff.  No rule was entered to show cause why an issue should not be framed to determime the ownership of the goods levied upon.  D. C. Nipple, one of the sureties, gave bond of indemnity to the sheriff, to save and keep him harmless against suits, actions, etc., "on account of the levy upon and selling by the direction of the said Annie W. Hayes under said writ."  The property of claimant was sold by the sheriff on July 14, 1905, D. C. Nipple became the purchaser of the entirety, and the sheriff delivered possession of the same to the purchaser.  The goods remained upon the premises, which were the lands of D. C. Nipple.  The defendant in the execution and his wife, who were the tenants of the premises, retained possession of the premises until July 31, 1905, when they returned the key and removed from the premises, leaving the goods.

Verdict for plaintiff for $712.50.  Subsequently the court entered judgment for defendant non obstante veredicto.

Error assigned amongst others was in entering judgment for defendant non obstante veredicto.

H. H. Waite, with him W. H. Woods and Jas. S. Woods, for appellant.—The action of trespass may be sustained under the

facts: Welsh v. Cooper, 8 Pa. 217; McMurtrie v. Stewart, 21 Pa. 322; Deal v. Bogue, 20 Pa. 228; Gloss v. Black, 91 Pa. 418; Philadelphia v. Collins, 68 Pa. 106; Burk v. Howley, 179 Pa. 539; McGill v. Ash, 7 Pa. 397.

The plaintiff in this case did not waive her right to sue in trespass because proceedings were not instituted under the sheriff's interpleader act of May 26, 1897: Book v. Day, 189 Pa. 44.

Under the law as it exists in Pennsylvania to-day, the plaintiff in this case was entitled to all the separate earnings to which she testified, and with which she testified she purchased all the articles of property mentioned: Martin v. Davis, 30 Pa. Superior Ct. 59; Frost v. Knapp, 10 Pa. Superior Ct. 296; Nuding v. Urich, 169 Pa. 289; Standen v. Penna. R. R. Co., 214 Pa. 189.

*Thos. F. Bailey,* with him *W. W. Uttley,* for appellee.—A purchaser at a sheriff's or constable's sale who participates in the transaction only by purchasing the goods, although he knows of the illegality of the sale or that the goods do not belong to the defendant in the execution, is liable to the owner in replevin but not in trespass: Ward v. Taylor, 1 Pa. 238; Gloss v. Black, 91 Pa. 418; Book v. Sharpe, 189 Pa. 44.

The law upon the quality of proof required where property is claimed by a married woman, is so well established that it would seem unnecessary to cite authorities; we may be pardoned, however, for calling the court's attention to a few of them: Gamber v. Gamber, 18 Pa. 363; Auble v. Mason, 35 Pa. 261; Rhinesmith's Case, 25 Pa. Superior Ct. 300.

To sustain an action of trover and conversion there must be a demand for and refusal to deliver the article in suit: Taylor v. Hanlon, 103 Pa. 504; Clowes v. Hughes Bros., 3 Pa. Superior Ct. 561.

OPINION BY HENDERSON, J., April 19, 1909:

Two considerations influenced the learned trial judge in entering judgment for the defendant non obstante veredicto: (1) that an action of replevin would be the proper remedy and

(2) that the plaintiff waived her claim of property by her failure to proceed in accordance with the provisions of the Act of May 26, 1897 P. L. 95. The conclusion that trespass could not be maintained was arrived at on the assumption that the defendant was proceeded against as a purchaser at sheriff's sale only and that by such purchase he did not become a trespasser; and Ward v. Taylor, 1 Pa. 238; Talmadge v. Scudder, 38 Pa. 517, and other authorities are cited in the opinion of the court in support of that view. This is undoubtedly the law applicable to a case where the defendant merely purchased the property. In so doing no trespass was committed for although a good title may not have been acquired possession was obtained according to law and in such case the plaintiff's remedy would be replevin or under the common law pleadings, trover. But the plaintiff's action is not planted on a cause of that character. It is not only declared that the defendant was the purchaser of the property, but that he incited and instigated the sale and indemnified the sheriff against liability therefor, and that is one of the distinctions noted in the opinion in Ward v. Taylor, 1 Pa. 238. In that case the bidder was "neither aiding, advising or abetting" the constable. The same distinction is indicated in Talmadge v. Scudder, 38 Pa. 517. It is a well established rule that he who encourages, incites and induces another to commit a trespass or indemnifies him for doing it is equally liable with him who directly commits the act: McGill v. Ash, 7 Pa. 397; Welsh v. Cooper, 8 Pa. 217; Deal v. Bogue, 20 Pa. 228; McMurtrie v. Stewart, 21 Pa. 322; and an action may be maintained against all who participate in the trespass or against one or more of them: Burk v. Howley, 179 Pa. 539. If the plaintiff lost her right of action against the sheriff because of her failure to comply with the requirements of the act of May 26, 1897, that was a fact in relief of the sheriff, but does not exempt the defendant from his part in the wrongful sale of the plaintiff's property. It will thus be seen that the receipt of the property from the sheriff at the sale is not the matter complained about. The plaintiff offered evidence to show that the defendant requested the plaintiff in the execution to issue the writ; that prior to the sale he gave the sheriff a bond indemni-

fying that officer from liability for selling the property levied on, which included that claimed by the plaintiff; that he was present at the sale, participating therein, and that when the plaintiff's husband said to him immediately before the sale: "I do not see how you can sell her (the plaintiff's) goods for my debt," the defendant replied, "We will show you how we can sell them," and that the defendant bought all the goods at the sale. This evidence was sufficient to sustain the action if the property claimed by the plaintiff belonged to her. If we accept the reasoning of the court below that under the procedure Act of May 25, 1887, P. L. 271, the action could only be maintained as in trover if there had been a demand for the property before the writ was issued we must, nevertheless, reach a different conclusion under the evidence for it was shown that two of the articles proved to have been the property of the plaintiff—framed pictures of her father and mother—were sold by the defendant, and a picture of her sister was torn from the frame. As to this property there was an actual conversion and in such case demand is not necessary. The plaintiff could not be put out of court, therefore, as to this much of the property in controversy if the action is to be considered in effect one of trover and conversion.

We are not persuaded that the plaintiff was required under the act of May 26, 1897, to pay the cost of making an appraisement of the goods levied on. The seventh section of that act provides that this shall be paid by the claimant at the time of making the claim if the defendant in the execution shall be found in possession of the goods, and by the plaintiff in the execution if some other person be found in possession thereof. The property claimed by Mrs. Morrison was in her own home. She had the only possession of it which she could have, taking into consideration her relation to her husband. If the property belonged to her she was not required to separate from her husband, nor to put her furniture in storage in order to save it from her husband's creditors. The property was not, therefore, in the possession of the defendant in the execution within the meaning of this section of the statute. The record does not call for a consideration of the evidence supporting the plaintiff's

claim.   Part of the property she got from her parents; part of it was acquired by money earned by her in keeping boarders on an arrangement with her husband by which she was to have the profits of that business; part of it was worn out and replaced; all of it was acquired long before the indebtedness on which the execution was issued was created.   The Act of June 8, 1893, P. L. 344, gives large liberty to a married woman.   She is entitled to the proceeds of her separate property and may engage in work outside of the ordinary duties of the family relation and receive compensation therefor.   Money earned by her by keeping boarders with the consent of her husband is not liable for the latter's debts: Frost v. Knapp, 10 Pa. Superior Ct. 296; Martin v. Davis, 30 Pa. Superior Ct. 59; Nuding v. Urich, 169 Pa. 289; Standen v. Penna. R. R. Co. 214 Pa. 189.   It was the duty of the plaintiff to show by clear and satisfactory evidence that the property which she claimed was not acquired from her husband. The credibility of the evidence was for the jury under the instructions of the trial judge.   The verdict was for much less than the amount of the plaintiff's claim from which we may infer that the evidence as to some of the items was not clear and satisfactory.   Our conclusion is that an action of trespass was the appropriate remedy under the evidence.

The judgment is reversed and judgment is now entered for the plaintiff against the defendant on the verdict.