## Anders & Jervis Motor Co., to use, v. Gander et ux.

*Jacob Boonin*, for petitioner.

*E. T. Jackson, Jr.*, contra.

OLIVER, P. J., February 20, 1941.—Following the entry of a judgment by confession against defendant, Edward L. Gander, plaintiff issued a fieri facias against the property of defendant, and a levy was made thereunder upon certain goods and chattels. Defendant's wife notified the sheriff that she held complete title to the property levied upon and that defendant had no legal or equitable interest therein. Thereafter, a rule for an interpleader, taken by the sheriff, was made absolute and an issue framed. Thereupon, defendant's wife as a claimant in the interpleader proceedings filed a petition and rule to show cause why she should not be permitted to file her own bond. In her petition, she alleged that "she is in possession of the said goods and chattels levied upon, and derived title to part of the same by purchase for which she paid divers sums of money out of her own personal funds, and derived title to other goods and chattels by gift, and that she did not derive title to the said goods by, from, or through the defendant, Edward L. Gander, nor has he any attachable interest therein." Plaintiff filed no answer to

the petition and thereby admitted the truth of claimant's averments.

Under the Sheriff's Interpleader Act of June 22, 1931, P. L. 883, sec. 5, 12 PS §2362, "If the goods and chattels levied on are found in the possession of the claimant (or his agent or bailee) and not in the possession of the defendant in the execution or process, the court may permit the claimant to file his own bond, upon it being shown that the claimant does not derive his title thereto by, from, or through the said defendant."

Plaintiff contends that the petition is defective because it contains no allegation that defendant is not in possession, and that the joint possession of defendant and claimant, his wife, bars this proceeding under the above section of the act. We do not agree with this contention.

The question before us is whether it is necessary for a married woman under the above section of the act to allege lack of possession in defendant where the latter is her husband. In other words, will joint possession of the goods levied upon in defendant and his wife prevent the latter from taking advantage of the act? We think not.

The older cases on this problem, both before and after the passage of the Married Woman's Property Act of June 8, 1893, P. L. 344, 48 PS §31 et seq., left the interpretation of this provision in a state of confusion. Most of these cases are carefully reviewed in Hochman v. Carroll, 19 Dist. R. 243 (1909). That decision reaches, in our opinion, a sound result which we adopt here. It was there held that, under the Sheriff's Interpleader Act of May 26, 1897, P. L. 95, which contains a provision similar to the one now before us, a married woman may file her own bond where the goods levied upon are in the joint possession of the claimant wife and her husband, the judgment debtor, provided she alleges that she acquired title to the goods for herself alone and by some means other than through her husband. In its opinion, the court reasoned:

· "To hold otherwise is to import the word 'exclusive' into the section, and to deny to the wife the benefits which the Acts of 1887 and 1893 [Married Woman's Property Act, supra] expressly confer upon her. The result would be a repeal of acts of assembly and a judicial enactment that a wife could never give her own bond when she is living with her husband, 'as by the laws of God, as well as by the mutual vows plighted to each other,' she was bound to do."

In arriving at this construction of the act, the court relied chiefly upon Morrison v. Nipple, 39 Pa. Superior Ct. 184 (1909). In that case, section 7 of the Interpleader Act of 1897, supra, which has been changed in the present act, supra, was construed. It provides:

"The cost of making an appraisement of said goods and chattels shall be the sum of four dollars, which shall form part of the costs of the cause, and shall be paid by the claimant at the time of making his claims, if the defendant in the execution shall be found in possession of said goods and chattels, and by the plaintiff in the execution if some other person be found in possession thereof."

The court held that a married woman claimant was not required to pay the cost of appraising the goods levied upon, although possession of the goods was found to be in the home of claimant and her husband, the judgment debtor. The court said:

"The property claimed by Mrs. Morrison was in her own home. She had the only possession of it which she could have, taking into consideration her relation to her husband. If the property belonged to her she was not required to separate from her husband, nor to put her furniture in storage in order to save it from her husband's creditors. The property was not, therefore, in the possession of the defendant in the execution within the meaning of this section of the statute."

It is at once apparent that the court in the Hochman case properly adopted this reasoning because of its convincing applicability to the situation involved therein.

The Hochman case has been followed in two more recent decisions, J. Blumenthal & Co. v. Rosenblatt & Blum Bros., 5 D. & C. 763 (1925), and Liberal Finance Co. v. Lempert et al., 14 D. & C. 724 (1930).

The cases cited by plaintiff were all decided before the Hochman decision and are justifiably rejected in the opinion of that case on the basis of the reasoning discussed above.

Since plaintiff has failed to deny the averments of the petition, we hold, in accordance with the above discussion, that claimant is entitled to file her own bond.

Therefore, the rule is made absolute.