539 A.2d 1372

Virginia BROWN, as Administratrix of the Estate of Lawrence Brown and Individually, Joan Brown Spina, John Brown, Thomas R. Brown, Appellants,

v.

The DELAWARE VALLEY TRANSPLANT PROGRAM, Arthur Harrell, Individually and in his Capacity as Transplant Coordinator of the Program, Howard Nathan, Individually and in his Capacity as Executive Director of the Program, Brandywine Hospital, Norman Ledwin, Individually and in his Capacity as President of Brandywine Hospital, James Argires, M.D., Individually and in his Capacity as a Staff Member of Brandywine Hospital Philippe Ouellette, Individually and in his Capacity as Vice President of Brandywine Hospital, Charles R. Wagner, M.D., St. Christopher's Hospital for Children, Samuel Heed, Esq.

Superior Court of Pennsylvania.

Argued Oct. 28, 1987.

Filed April 13, 1988.

Joseph F. Lawless, Jr., Philadelphia, for appellants.

George E. Rahn, Jr., Philadelphia, for Brandywine Hosp. and Ledwin, appellees.

Roberta D. Liebenberg, Philadelphia, for Heed, appellee.

Before CAVANAUGH, BECK and HESTER, JJ.

HESTER, Judge:

This is a companion to the appeal filed at Nos. 584 and 586 Philadelphia, 1987. The trial court dismissed all claims against Attorney Samuel Heed, one of nine defendants, primarily on the basis of the immunity accorded an attorney for action taken in representation of a client. The sole issue is the propriety of the dismissal of the claims against the attorney. We hold that dismissal was proper, and affirm.

On October 30, 1984, Lawrence Brown was discovered lying on a roadside in Chester County with a gunshot wound in his head. He was transported to Brandywine Hospital in Chester County, where he was placed on life support systems. Hospital personnel determined that he had suffered brain death, and decided to seek permission to use Brown's heart and kidneys for transplantation.

The hospital directed its counsel, Samuel Heed, to prepare a petition requesting a court order granting consent to the extraction of Brown's organs for transplantation. Heed presented the petition to the Chester County Court of Common Pleas, alleging that the identity of Lawrence Brown, identified as "John Doe," was unknown and that the hospital was unable to contact his next-of-kin to obtain consent. Following a hearing, the court granted the petition. With court approval, Brown's heart and kidneys were removed under the auspices of the Delaware Valley Transplant Program.

Representatives of the decedent filed a multi-count complaint against the Delaware Valley Transplant Program and some of its officers, Brandywine Hospital and various officers and staff physicians, and Mr. Heed, counsel for the hospital. The complaint alleged that although the defendants knew the identity of Lawrence Brown, they conspired to obtain court authorization for the removal of his organs in violation of the law, rather than seeking the authorization of his next-of-kin, resulting in extreme emotional distress.

The complaint contained six counts: mutilation of a corpse, intentional infliction of emotional distress, civil conspiracy, malicious use of process, assault and battery, and negligent infliction of emotional distress. The court sustained Attorney Heed's demurrer to the complaint and dismissed all six counts as to Heed with prejudice. The court held that the second, third, and sixth counts were based on action taken by Heed in the course of providing legal representation to his client, Brandywine Hospital, and were thus absolutely privileged under *Thompson v. Sikov*, 340 Pa.Super. 382, 490 A.2d 472 (1985). The court also held that appellants failed to allege the requisite elements of an action for malicious use of process under 42 Pa.C.S. § 8351, as Heed's petition did not assert claims against appellants or seek any relief from them. The remaining counts, mutilation of a corpse and assault and battery, were dismissed due to lack of well-pleaded allegations that Heed had any physical contact whatsoever with Mr. Brown's body.

Appellants have not argued that dismissal of count two, four, or six was erroneous. Brief for appellants at 1–34. They have abandoned any challenge they may have had to the dismissal of those counts of the complaint. *Commonwealth v. Balch*, 328 Pa.Super. 71, 76, 476 A.2d 458, 461 (1984); *Trustees of First Presbyterian Church of Pittsburgh v. Oliver–Tyrone Corp.*, 248 Pa.Super. 470, 472 n. 1, 375 A.2d 193, 194 n. 1 (1977).

Appellants argue that dismissal of counts one, three, and five as to Attorney Heed was error. Appellants argue that the trial court should have overruled Heed's demurrer to the claims of mutilation of a corpse, civil conspiracy, and assault and battery, for the complaint alleges acts by co-conspirators which implicate Heed, whether or not he had physical contact with Mr. Brown's body. Appellants also argue that the trial court erroneously applied the concept of judicial immunity, by incorrectly extending it to protect Heed's intentionally tortious behavior. Appellants claim that the judicial privilege which protects an attorney from liability for conduct during judicial proceedings should be

limited to protection of the attorney from liability for publication of defamatory material.

When the trial court considers a demurrer, it must, of course, accept as true all well-pleaded allegations in the complaint. *County of Allegheny v. Commonwealth,* 507 Pa. 360, 372, 490 A.2d 402, 408 (1985). It is equally clear, however, that a demurrer admits only well-pleaded facts, and not averments or conclusions of law. *Id.; Barbet v. Edelstein,* 346 Pa.Super. 488, 490, 499 A.2d 1106, 1107 (1985); *Rose v. Wissinger,* 294 Pa.Super. 265, 270, 439 A.2d 1193, 1196 (1982). The supreme court has held that "preliminary objections in the nature of a demurrer admit as true only such facts as are well-pleaded, material, and relevant and only such inferences as are reasonably deducible from such facts [and] that they admit neither conclusions of law nor inferences unwarranted by the admitted facts nor argumentative allegations nor expressions of opinion...." *Firing v. Kephart,* 466 Pa. 560, 563, 353 A.2d 833, 834 (1976). This is particularly true of allegations of fraud, which must be averred with particularity. Pa.R.C.P. 1019(b); *Hornsby v. Lohmeyer,* 364 Pa. 271, 72 A.2d 294 (1950).

■ With these principles in mind, we have carefully examined the amended complaint, and agree with the trial court's conclusions that the well-pleaded averments indicate that Attorney Heed's only involvement in the case was his preparation of the petition pursuant to his client's instructions, and that all the allegations against Heed are based on his actions in the course of providing legal representation. The claims against Heed are therefore barred by the absolute immunity which attaches to the actions of an attorney in representing a client in a judicial proceeding.

■ Contrary to the assertion of appellants, the absolute privilege accorded an attorney in representation of a client in judicial proceedings is not limited to protection against defamation actions. The immunity bars actions for tortious behavior by an attorney other than defamation, so long as it was a communication pertinent to any stage of a

judicial proceeding. Thus, the privilege barred claims for intentional interference with contractual or prospective contractual relations, as well as defamation. *Pelagatti v. Cohen*, 370 Pa.Super. 422, 434, 536 A.2d 1337, 1343. The key is whether the pertinent communication was undertaken in connection with representation of a client in a judicial proceeding. *Id.; Smith v. Griffiths*, 327 Pa.Super. 418, 423–27, 476 A.2d 22, 24–26 (1984). The trial court correctly applied this standard to bar the claim of civil conspiracy against Attorney Heed, as all Heed's activities were related to a judicial proceeding. Likewise, the well-pleaded averments of the amended complaint related to mutilation of a corpse and assault and battery fail to state a cause of action against Heed in light of the immunity accorded his activities undertaken in relation to the litigation.

We therefore affirm the order dismissing appellants' complaint with prejudice as to Attorney Heed.