Kephart Trucking Co. v. Jackson Fiorentino LLC

C.P. of Monroe County, nos. 1400 CV 2007 and 10315 CV 2008.

*Michael F. Nerone* and *Timothy A. Montgomery,* for plaintiff.

*Janet Jackson,* for defendant Jackson Fiorentino.

*Stephen G. Bresset,* for defendant Marcin.

*John J. Aponick Jr.,* for defendant Marshall, Dennehey, Warner, Coleman and Goggin.

*Jason Spak,* for TIG Specialty Insurance Company.

ZULICK, *J.,* April 9, 2010—Plaintiff Kephart Trucking Co. filed a complaint on December 7, 2009 seeking damages from the defendants arising from an execution on a judgment later determined to be void. These two actions were consolidated by order of November 2, 2009. Defendants Jackson Fiorentino LLC, Janet Jackson, Esquire and Walter Marcin filed preliminary objections to the plaintiff's complaint on December 23, 2009. The matter was listed for argument on February 1, 2010. The parties filed briefs and argued their positions on that date.

## DISCUSSION

Defendants Jackson Fiorentino, Janet Jackson, Esquire and Walter Marcin have raised numerous preliminary objections.

### 1. *Lack of Subject Matter Jurisdiction*

The Defendants first claim that this court lacks subject matter jurisdiction. "The test for determining whether a court has jurisdiction of the subject matter is the competency of the court to determine controversies of the general class to which the case presented for its consideration belongs, and the controlling question is whether the court had power to enter upon the inquiry, not

whether it might ultimately decide that it was unable to grant the relief sought in the particular case." *Strank v. Mercy Hospital of Johnstown,* 376 Pa. 305, 309, 102 A.2d 170, 172 (1954). The complaint seeks damages for negligence, intentional misrepresentation and abuse of process against these defendants. The Pennsylvania Courts of Common Pleas have broad jurisdiction over tort actions. The Judiciary Act provides in 42 Pa.C.S. §931 as follows:

"(a) General rule.—Except where exclusive original jurisdiction of an action or proceeding is by statute or by general rule adopted pursuant to section 503 (relating to reassignment of matters) vested in another court of this Commonwealth, the courts of common pleas shall have unlimited original jurisdiction of all actions and proceedings, including all actions and proceedings heretofore cognizable by law or usage in the courts of common pleas." 42 Pa.C.S. §931.

The phrase "jurisdiction of the cause of action" means "the competency of the particular court to determine controversies of the general class to which the case then presented for its consideration belongs." Goodrich-Amram 2d §1017(b):7, at 52. (footnotes omitted) There is no question that this court has subject matter jurisdiction over these kinds of torts.

Defendants contend that subject matter jurisdiction is lacking because this dispute arises from an underlying workers' compensation action which is now final. A review of the rather complicated factual history alleged in this case is necessary. Kephart is a trucking company headquartered in Clearfield County, Pennsylvania. Com-

plaint, ¶1. The complaint alleges that Kephart was a party to an agreement with America's PEO, under which America's PEO supplied commercial truck drivers to Kephart. America's PEO was responsible to provide workers' compensation benefits for the drivers. America's PEO then merged with the Cura Group. Walter Marcin drove Kephart's truck and was injured on January 6, 2001. He retained Janet Jackson, Esquire and her firm, Jackson Fiorentino, to represent him in filing a workers' compensation claim. After the claim was filed, the parties filed a written stipulation requesting that:

"the workers' compensation judge grant claimant's claim petition as against America's PEO/The Cura Group in accordance with the terms of this stipulation. The parties further request that the workers' compensation judge deny and dismiss claimant's claim petition as against Kephart Trucking and TIG/Managed Comp." Stipulation attached as exhibit A to the complaint.

This stipulation was adopted by order of June 18, 2003 by Workers' Compensation Judge Thomas M. Kutz.

Later in the litigation, Kephart alleges that Attorney Jackson and Marcin improperly included Kephart in a compromise and release agreement between Marcin and the Cura Group. The compromise and release agreement incorrectly identified Kephart as Marcin's employer, as well as the Cura Group. After the Cura Group defaulted on payments to Marcin, Attorney Jackson filed a series of penalty petitions against Kephart, and later obtained a judgment on those penalty petitions in this court. She then used that judgment to begin execution proceedings against Kephart's assets. The complaint contends that at

the time Attorney Jackson filed the penalty petitions against Kephart, she knew or should have known that Kephart had previously been dismissed from the case. Complaint, ¶57.

The complaint further alleges that Attorney Jackson represented to Attorney Koerber, Kephart's counsel that the judgment was valid and in reliance on that representation, Kephart paid $75,000 to Marcin as an installment payment on the judgment to avoid a levy on Kephart's assets. Complaint, ¶¶ 62, 63, 110.

When Kephart's counsel learned of the June 18, 2003 order dismissing Kephart from the workers' compensation litigation, he petitioned to open the judgment in this court. After a hearing, that request was denied, as the workers' compensation decision was final and had not been challenged by Kephart. Opinion and order of July 3, 2007, no. 8129 Civil 2006, and no. 10416 Civil 2006, Zulick, J.

Kephart then sought to open the workers' compensation decision. On April 14, 2008, the workers' compensation appeal board vacated the three penalty awards against Kephart, stating:

"WCJ Kurtz had dismissed the claim petition against Kephart pursuant to a written stipulation entered into with claimant's counsel and which the parties submitted to the WCJ who adopted it in his June 19, 2003 decision and order. As a result, there was no award against Kephart upon which to base a penalty, since Kephart was not responsible for this claim. To hold otherwise would be to say that Kephart and its counsel could not rely on a stipulation from claimant's counsel that dismissed

Kephart from the case." Decision of the Workers' Compensation Appeal Board, dated April 14, 2008, vacating the penalty petitions against Kephart Trucking Inc., page 8. See exhibit A to Kephart's preliminary objections.

When this decision was rendered, the Kephart petitions to open the judgments which had been filed in this court were on appeal in the Pennsylvania Superior Court. The case was remanded to this court, which then opened the judgments. During those remanded proceedings, defendants argued that the nunc pro tunc order of the Workers' Compensation Appeal Board only related to the penalty awards, and not the underlying workers' compensation judgment in Marcin's favor.

Defendants now repeat this argument here, contending that Judge Kutz's decision has never been opened and that this court therefore has no subject matter jurisdiction. However, this is a specious argument. Kephart went back to the WCAB in a second appeal nunc pro tunc after this argument was made in the petition to open proceedings in this court. Kephart sought to appeal nunc pro tunc Judge Kutz's order following the compromise and release that named Kephart as an employer. The WCAB ruled that:

"The compromise and release agreement adopted by the WCJ on March 2, 2005 therefore, was only between Cura and claimant, since Kephart had been dismissed from these proceedings and was no longer a party to the claim at the time of the C&R." Decision of the Workers' Compensation Appeal Board, dated December 23, 2008; see exhibit B of plaintiff's response to preliminary objections.

The WCAB then dismissed Kephart's second nunc pro tunc appeal, because as a dismissed party, Kephart had no standing to appeal the decision against the Cura Group. *Id.*

These two rulings by the WCAB clearly establish that Kephart's involvement in the workers' compensation proceedings came to an end when the agreement dismissing Kephart was approved on June 19, 2003. Defendants' preliminary objection as to subject matter jurisdiction will be denied.

### 2. *Defendants Jackson Fiorentino and Janet Jackson, Esquire's Demurrer*

Defendants have raised a demurrer to Kephart's claims. "A preliminary objection in the nature of a demurrer is properly granted where the contested pleading is legally insufficient. *Cardenas v. Schober,* 783 A.2d 317, 321 (Pa. Super. 2001), citing Pa.R.C.P. 1028(a)(4). 'Preliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by the demurrer.' *Id.* at 321-22. (citation omitted) All material facts set forth in the pleading and all inferences reasonably deducible therefrom must be admitted as true. *Id.* at 321." *Cooper v. Frankford Health Care System Inc.* 960 A.2d 134, 143 (Pa. Super. 2008). A preliminary objection in the nature of a demurrer cannot be used to raise substantive defenses against a plaintiff's right to recover. Goodrich Amram §1017(b):25.

Preliminary objections which result in the dismissal of the suit or the denial of the claim should be sustained only in cases which are clear and free from doubt. 5 Standard Pennsylvania Practice 2d §25.71 at 239-40; see also, *D'Elia v. Folino,* 933 A.2d 117, 121 (Pa. Super. 2007). Where any doubt exists as to whether a demurrer should be sustained, it must be resolved in favor of overruling the demurrer. *Kyle v. McNamara & Criste,* 506 Pa. 631, 634, 487 A.2d 814, 816 (1985); *Baker v. Magnetic Analysis Corporation,* 347 Pa. Super. 188, 192, 500 A.2d 470, 472 (1985); *Preiser v. Rosenzweig,* 418 Pa. Super. 341, 614 A.2d 303, 305 (1992).

Attorney Jackson and her firm contend that they have a defense of absolute immunity because Attorney Jackson's actions were undertaken in the course of representing her client in a judicial proceeding. They cite *Brown v. Delaware Valley Transplant Program,* 372 Pa. Super. 629, 539 A.2d 1372 (1988) in support of this defense. In *Brown,* an attorney was sued for intentional infliction of emotional distress when he filed a petition on behalf of his client, a hospital, which sought to harvest vital organs from a patient who was brain dead. The petition alleged that the patient's identity was unknown. His heirs later sued, alleging that the defendants knew the patient's identity, but failed to disclose it to the court and the next of kin.

The *Brown* court sustained the demurrer of the defendant attorney. The court found that the only allegation against the attorney was that he had drafted the pleading:

"Contrary to the assertion of appellants, the absolute privilege accorded an attorney in representation of a cli-

ent in judicial proceedings is not limited to protection against defamation actions. The immunity bars actions for tortious behavior by an attorney other than defamation, so long as it was a communication pertinent to any stage of a judicial proceeding. Thus, the privilege barred claims for intentional interference with contractual or prospective contractual relations, as well as defamation. *Pelagatti v. Cohen,* 370 Pa. Super. 422, 434, 536 A.2d 1337, 1343 (1987). The key is whether the pertinent communication was undertaken in connection with representation of a client in a judicial proceeding, *Id.; Smith v. Griffiths,* 327 Pa. Super. 418, 423-27, 476 A.2d 22, 24-26 (1984). The trial court correctly applied this standard to bar the claim of civil conspiracy against Attorney Heed, as all Heed's activities were related to a judicial proceeding. Likewise, the well-pleaded averments of the amended complaint related to mutilation of a corpse and assault and battery fail to state a cause of action against Heed in light of the immunity accorded his activities undertaken in relation to the litigation." *Brown,* 372 Pa. Super. at 633-34, 539 A.2d at 1374-75.

However, other cases have allowed claims of abuse of process to proceed against an attorney:

"if [the] attorney's conduct is motivated by malice or if he commits an intentional tort. [In those situations, the attorney] may become personally liable for damage suffered by a third person. 7 Am.Jur.2d, Attorneys at Law §233. See *Worldwide Marine Trading Corp. v. Marine Transport Service Inc.,* [527 F. Supp. 581 (E.D. Pa. 1981)]; *Adelman v. Rosenbaum,* 133 Pa. Super. 386, 3 A.2d 15 (1938); *Hoppe v. Klapperich,* 224 Minn. 224,

28 N.W.2d 780, 173 A.L.R. 819 (1947); *Roberts v. Ball, Hunt, Hart, Brown & Baerwitz,* 57 Cal.App.3d 104, 128 Cal.Rptr. 901 (1976); Annotation, Liability of Attorney for Malicious Prosecution, 27 A.L.R.3d 1113 et seq. See also, *Pride v. Pride,* 29 Del.Co. 352 (Pa.1939)." *Smith v. Griffiths,* 327 Pa.Super. 418, 427, 476 A.2d 22, 26-27 (1984).

The case of *Adelman v. Rosenbaum, supra,* is instructive. There the defendant attorney executed on a judgment in favor of his client against Samuel Adelman. He directed the sheriff to levy on the assets of Samuel Adelman at 84 Granite Street. When the sheriff went to make the levy, he discovered that the premises were occupied by a different person, George Adelman, not Samuel Adelman, and so advised the plaintiff's attorney, Rosenbaum. Attorney Rosenbaum nevertheless insisted that the sheriff carry out the levy. George Adelman contacted the attorney personally, and when that was unsuccessful, through his own attorney to advise him that he was not the judgment debtor and that the property in the home belonged to him, not the judgment debtor. The defendant attorney directed the sheriff to make the levy despite these protestations. Following the levy, the attorney was sued for abuse of process.

The Superior Court held that a cause of action for abuse of legal process was properly submitted to the jury over the attorney's claim of absolute privilege:

"The defendant cannot invoke the plea of privilege as an attorney acting for a client. The plaintiffs' evidence, accepted by the jury, disclosed malice, and malicious action is not sheltered by any privilege. An attorney is

personally liable to a third party when he is guilty of fraud, collusion, or a malicious or tortious act, and he is liable, as anyone else, when he encourages and induces another to commit a trespass. This rule is stated in 1 Am.Jur. p. 189, §31, as follows: 'An attorney may be held liable for an abuse of process, where the acts complained of are his own personal acts, or the acts of others wholly instigated and carried on by him.' See also, 6 C.J. p. 625; 7 C.J.S. Attorney and Client, page 834, §52; *Welsh v. Cooper,* 8 Pa. 217; *McMurtrie v. Stewart,* 21 Pa. 322; *Morrison v. Nipple,* 39 Pa. Super. 184; *Shane v. Gulf Refining Co.,* 114 Pa. Super. 87, 173 A. 738. When the levy was made upon the goods of the plaintiffs, they lost dominion over their property and a trespass was committed, notwithstanding there was no sale or removal of the goods and the levy was later abandoned. *Paxton v. Steckel,* 2 Pa. 93; *Welsh v. Bell,* 32 Pa. 12; *Shane v. Gulf Refining Co., supra.*" *Adelman,* 133 Pa. Super. at 391, 3 A.2d at 18.

The allegation here is that Attorney Jackson stipulated that Kephart would be dismissed as a party to the workers' compensation proceeding. This written stipulation was confirmed by court order. The complaint alleges that she then represented that Kephart was still a party to the proceeding, and obtained penalties against Kephart, which she later converted to judgment and used to levy on Kephart's assets. The WCAB later determined that the compromise and release and the penalties against Kephart were void. Viewing the complaint in the light most favorable to the plaintiff as I am required to do at this stage of the proceedings, the attorney defendants'

claim of absolute privilege does not defeat Kephart's claims. The demurrer will be denied.

### 3. *Defendants Marcin, Jackson and Jackson Fiorentino's Demurrer Based upon an Estoppel Theory*

Defendants again contend that Kephart's action is precluded by the workers' compensation decision in Marcin's favor in the order confirming the compromise and release agreement in the workers' compensation proceedings. They contend that Kephart is collaterally estopped from proceeding in this case, citing *Grant v. GAF Corporation,* 415 Pa. Super. 137, 608 A.2d 1047 (1992) for the proposition that "issue preclusion prevents relitigation of an issue where the party against whom it is used . . . had a full and fair opportunity to litigate the issue in the prior action." *Id.* at 150, 600 A.2d at 1054, citing *Hebden v. W.C.A.B. (Bethenergy Mines),* 142 Pa. Commw. 176, 188, 597 A.2d 182, 188 (1991).

While this argument would be correct if the original penalty petitions and decision of the workers' compensation court had remained undisturbed, as has already been discussed, Kephart successfully sought nunc pro tunc relief. The WCAB decided on April 14, 2008 that Kephart was dismissed from the workers' compensation litigation by the June 19, 2003 stipulation and order, and that the penalties assessed against it were void. The WCAB also ruled that Kephart was not a party to the order confirming Marcin's compromise and release. This was reiterated in the December 23, 2008 decision of the WCAB. Kephart is not prevented from going forward by the decisions of the WCAB.

Defendants also argue that Kephart is estopped from making a claim against the defendants due the agreement the parties reached to stop the levy on Kephart's assets. The defendants contend that Kephart, through Attorney Koerber, put forth a proposal which resulted in a forebearance by Marcin from further execution on Kephart's assets. Kephart alleges in the complaint:

"(61) On or about December 26, 2006, Attorney Koerber, counsel for plaintiff, being aware that a writ of execution had been filed, was concerned that the execution upon plaintiff's assets was imminent.

"(110) Additionally, defendant Jackson, by and on behalf of defendants Jackson Fiorentino and Marcin, intentionally misrepresented to Attorney Koerber, counsel for plaintiff, that valid judgments had been obtained against plaintiff for purposes of extracting payments from plaintiff when in fact these defendants knew that there were no valid judgments against plaintiff." Complaint, ¶¶ 61,110.

The complaint goes on to allege that Attorney Koerber agreed to a payment schedule of the judgments to stop the levy, and Kephart paid Marcin $75,000 on that schedule. Complaint, ¶¶ 63, 64.

Kephart argues that an equitable estoppel defense is not available to the defendants because they acted with unclean hands. The doctrine of unclean hands is available when the plaintiff in an equity suit has been guilty of unconscionable or unlawful conduct respecting the transaction before the court. *Comstock v. Thompson,* 286 Pa. 457, 461, 133 A. 638 (1926); *Walacavage v. Walacavage* 168 Pa. Super. 334, 338, 77 A.2d 723, 725 (1951). Ac-

cepting the facts as alleged, where Kephart had been threatened with imminent levy on judgments which defendants knew to have been obtained after a party had been dismissed from the litigation, the fact that this agreement and payment were made to stop the levy does not bar the claim to recover damages.

### 3. *Defendants Marcin, Jackson and Jackson Fiorentino's Motion To Strike*

Defendants contend that Kephart has failed to attach writings to the complaint as required by Pa.R.C.P. 1019(h) and (i). Defendants list 10 paragraphs of the complaint which refer to writings. Pa.R.C.P. 1019(h) provides as follows:

"(h) When any claim or defense is based upon an agreement, the pleading shall state specifically if the agreement is oral or written."

This action is based upon tort, not contract, and Kephart is not relying upon an agreement as the basis for the suit. The parties' written stipulation in the workers' compensation action and the workers' compensation judges and WCAB orders have been referenced or attached as exhibits to the complaint.

Pa.R.C.P. 1019 (i) provides:

"(i) when any claim or defense is based upon a writing, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to the pleader, it is sufficient so to state, together with the reason, and to set forth the substance in writing."

The referenced paragraphs generally relate to evidence in the case, which may be obtained through discovery. For instance, defendants object to paragraph seven of the complaint, which states that "(o)n or before January 16, 2001, plaintiff was a party to an agreement with America's PEO, a professional employment organization, by which America's PEO supplied commercial truck drivers to plaintiff." The reference to an agreement was part of the factual background of the dispute, not an agreement that Kephart relies upon for relief in this case. The other paragraphs complained of likewise contain references to facts. This objection will be denied.

Defendants also object to the fact that Counts IV, (V is missing) VI and VII of the complaint are improper because they include claims against Attorney Jackson, Jackson Fiorentino and Marcin. They cite Pa.R.C.P. 1020(a), which provides that: "(a) The plaintiff may state in the complaint more than one cause of action cognizable in a civil action against the same defendant."

There is nothing improper about the inclusion of all three defendants in these counts. The complaint sets forth the claims against Attorney Jackson and seeks to impose vicarious liability upon her firm and Marcin for those actions. This objection will be denied.

### 4. *Defendants' Motion for More Specific Pleading*

Defendants contend that the complaint is not sufficiently specific as to damages. The complaint seeks the following damages:

"a. The payment of $75,000 under duress, to stop the enforcement of the writ of execution which was in the

process of being levied upon four of plaintiff's tractors.

"b. Remedial legal fees that have accrued and are continuing to accrue with respect to the ongoing litigation with Marcin."

Pa.R.C.P. 1019(f) provides that "averments of . . . items of special damage shall be specifically stated." Here plaintiff has specifically identified the $75,000 payment it seeks, but has not identified the attorneys' fees it claims to have incurred. While Kephart asserts that its fees are ongoing, the amount of fees it claims to date is a liquidated amount and should be specifically stated. "Special damages" are damages that are the "actual, but not the necessary, result of the injury complained of, and which, in fact, follow it as a natural and proximate consequence in the particular case, that is, by reason of special circumstances or conditions." See *Aerospace Finance Leasing Inc. v. New Hampshire Insurance Co.,* 696 A.2d 810, 811 n.5 (Pa. Super. 1997). (citation omitted) *Morin v. Brassington,* 871 A.2d 844, 848-49 (Pa. Super. 2005). Kephart has been involved in litigation related to this claim for years and defendants are entitled to know what damages it is actually claiming to date. To the extent that this claim for fees is ongoing, that may be alleged and those later fees determined by discovery. This objection will be sustained.

### 5. Defendants' Objection That a Necessary Party Has Not Been Joined

Defendants contend that Attorney Koerber is a necessary party in this litigation because he negotiated the settlement with Attorney Jackson, memorialized the

settlement and Kephart paid "the first of three installments owed to Janet Jackson's client under the terms of the settlement." Defendants contend that Kephart has a claim against Attorney Koerber for negligent representation.

Necessary parties are those whose presence, while not indispensable, is essential if the court is to completely resolve the controversy before it and render relief. *York-Adams County Constables Association v. Court of Common Pleas of York County,* 81 Pa. Commw. 566, 474 A.2d 79 (1984). Pa. R.C.P. 2229 provides:

*"Rule 2229. Permissive Joinder*

"b) A plaintiff may join as defendants persons against whom he asserts any right to relief jointly, severally, separately or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences if any common question of law or fact affecting the liabilities of all such persons will arise in the action."

That provision of Rule 2229(b) allows a plaintiff to join as defendants persons against whom he may assert any right to relief jointly, severally, separately, or in the alternative. *Cummins v. Firestone Tire & Rubber Co.,* 344 Pa. Super. 9, 18 n.3, 495 A.2d 963, 968 n.3 (1985). The rule is permissive, and a plaintiff may recover fully from a single joint tortfeasor. *Baker v. AC&S Inc.* 729 A.2d 1140 (Pa. Super. 1999).

## ORDER

And now, April 9, 2010, following argument on defendants Janet Jackson, Esquire, Jackson Fiorentino and

▆▆▆▆▆▆▆▆

Walter Marcin's preliminary objections, and consideration of the parties' briefs, it is ordered as follows:

(1) Defendant's preliminary objection seeking a more specific complaint is granted. Plaintiff is given leave to file an amended complaint, itemizing the attorneys' fees and costs it has incurred to date, which it claims as damages. Plaintiff may aver that these fees and costs are ongoing.

(2) Defendants' remaining preliminary objections are denied.

(3) Plaintiff shall file its amended complaint within twenty days.